J-S66014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAHEED SPRINGS | |
| Appellant | No. 2447 EDA 2018 |

Appeal from the PCRA Order entered August 8, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006558-2012

BEFORE:  STABILE, NICHOLS,JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 28, 2020**

Appellant, Shaheed Springs, appeals from the August 8, 2018 order of the Court of Common Pleas of Philadelphia County, which dismissed his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The trial court summarized the factual and procedural background as follows.

> On March 28, 2012, Philadelphia Police Officers Sean Rios and Steven Cieslinski received a radio call for shots fired around the vicinity of 23rd street and Susquehanna Avenue.  The officers were also told that there was a group of black males at the location.  It took the police officers less than a minute to get to the scene, and upon arriving, the only people they saw at 23rd and Susquehanna was one group of black males, including the Appellant.  Both officers got out of the vehicle, and Officer Rios said to everyone, "Let me see your hands."  [Appellant] walked behind the group, turned his right shoulder away, and used his

right hand to clutch something at his waist. He then immediately ran away.

Officer Rios pursued Appellant over walls and through alleyways, never losing sight of him for more than a second. During the chase, Officer Rios saw Appellant throw his firearm into the backyard of a house. While his partner was chasing Appellant, Officer Cieslinski had pulled the police vehicle around to the opposite end of the alleyway, where Appellant was headed. As Appellant ran out, Officer Cieslinski grabbed him and tried to place him in handcuffs. Appellant resisted, but Officer Rios caught up and was able to help Officer Cieslinki with the arrest.

Once Appellant was secured, Officer[s] Rios and Cieslinski returned to where Officer Rios had seen [Appellant] discard the firearm, and retrieved it. This was about seven minutes after Officer Rios had seen him discard it there. The gun was loaded.

[On January 23, 2013, a jury found Appellant guilty of carrying a firearm without a license and carrying a firearm on the public streets of Philadelphia in violation of Sections 6106 and 6108 of the Uniform Firearms Act.]

On May 16, 2013, [the trial court] sentenced [Appellant] to two-and-a-half to seven years of incarceration for the violation of Section 6108 and a consecutive term of five years' probation for the violation of section 6106, both to run consecutive to Appellant's sentence for an unrelated case[.]

Appellant's post sentence motion was denied on July 9, 2013. On July 22, 2013, he filed a notice of appeal. On July 20, 2015, the Superior Court affirmed [the trial court]'s judgment of sentence, and Appellant did not seek a review by the Pennsylvania Supreme Court.

On March 23, 2016, [Appellant] filed a *pro se* [PCRA petition]. On June 8, 2017, counsel was appointed for [Appellant]. Appellant filed an Amended Petition on August 3, 2017, a Supplemental Amended Petition on August 4, 2017, and a Second Supplemental Amended Petition on October 13, 2017. The [PCRA court] filed a notice of intent to dismiss on June 20, 2018, and on August 8, 2018, [the PCRA court] dismissed [Appellant]'s [p]etition because it was without merit.

Trial Court Opinion, 5/17/19, at 1-2 (citations to the record omitted).

This appeal followed. On appeal, Appellant raises two issues:

(i) Was appellate defense counsel ineffective when he failed to raise the trial court's denial of the motion to suppress the physical evidence when the police conduct in seizing the alleged firearm from [Appellant] was illegal and unconstitutional?

(ii) Did the trial court err in denying [Appellant] the right to [an] evidentiary hearing on the issue of trial defense counsel's failure to inform the trial court that the sentence that [Appellant]'s sentence was being run consecutive to was an illegal and unconstitutional sentence?

Appellant's Brief at 2.

Our standard of review from a PCRA court's determination is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). With regard to the scope of our review, we are "limited to the findings of the PCRA court and the evidence of record," viewed in the light most favorable to party who prevailed before the PCRA court. **Id.** (citation omitted).

The **Strickland/Pierce**[1] test was summarized by our Supreme Court in **Commonwealth v. Simpson**, 66 A.3d 253 (Pa. 2013), as follows:

[W]e apply a three-pronged test for determining whether trial counsel was ineffective, derived from our application in **Pierce**,

---

[1] **Strickland v. Washington**, 466 U.S. 668 (1984); **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

[] 527 A.2d at 975, of the performance and prejudice test articulated by the United States Supreme Court in **Strickland**, 466 U.S. at 687[.] The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different. **Pierce**, [] 527 A.2d at 975. If a petitioner fails to prove any of these prongs, his claim fails.

**Id.** at 260 (citation omitted).

Appellant argues that direct appeal counsel should have challenged the trial court's denial of the suppression motion. Having failed to do so, Appellant argues, counsel was ineffective. On the three ineffective assistance standard prongs, *i.e.*, arguable merit, reasonable basis, and prejudice, Appellant states the following. (A) Arguable merit: The suppression claim had arguable merit because the seizure was not supported by either reasonable suspicion or probable cause; (B) Reasonable basis: Suppression claim "totally disposed" of the case in favor Appellant, and counsel had no reasonable basis for not pursuing it, and (C) Prejudice: Appellant was prejudiced by counsel's ineffectiveness because the underlying claim "was non frivolous and meritorious." Appellant's Brief at 10.

Appellant's argument relies on circular reasoning, based on his own axioms. Indeed, according to Appellant, the underlying claim had arguable merit because it was meritorious; counsel had no reasonable basis for his inaction given the underlying claim was meritorious; Appellant was prejudiced because the claim was meritorious. In other words, other than arguing that

the underlying claim was meritorious, Appellant fails to address the reasonable basis and prejudice prongs, which is sufficient to dispose of the ineffective assistance claim as waived.

To the extent Appellant addressed the second and third prongs of the test, we conclude that the analysis is inadequate. For purposes of establishing whether counsel had a reasonable basis for his inaction, the inquiry is not, as Appellant seems to suggest, whether counsel had a more logical course of action (*i.e.*, to appeal the denial of suppression). Rather, the inquiry is whether counsel had **any** reasonable basis for the course of action taken.

"[W]e recognize that, generally, the court should not glean from the record whether counsel had a reasonable basis for his action or inaction absent an evidentiary hearing, and that it is only in the most clear-cut cases that the reasons for counsel's conduct are apparent from the record. That being said, a PCRA petitioner must set forth a basis upon which to find trial counsel's performance constitutionally deficient." **Commonwealth v Hanible**, 30 A.3d 426, 442 (Pa. 2011) (citation omitted). Additionally, "[w]e will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Id.** at 439 (citation and internal quotation marks omitted).

Here, Appellant fails to offer any authority establishing that counsel acted unreasonably by opting not to challenge the denial of the suppression motion. Counsel's failure to challenge the denial of the suppression motion

does not make his performance constitutionally deficient, absent some authority existing at the time of trial that would have prompted counsel to pursue the suppression issue. Accordingly, we conclude that Appellant failed to demonstrate that counsel did not have any reasonable basis for not challenging the denial of the suppression motion.

To establish the prejudice prong, appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. **Id.** "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." **Commonwealth v. Collins**, 957 A.2d 237, 244 (Pa. 2008) (citing **Strickland**, 466 U.S. at 694).

Here, Appellant claims that he suffered prejudice from counsel's inaction. Appellant, however, fails to explain what prejudice he suffered. Accordingly, Appellant failed to establish the requisite prejudice necessary to support his claim of ineffectiveness.

On the arguable merit prong,[2] Appellant argues that the police did not possess reasonable suspicion or probable cause to pursue (seize) Appellant. Appellant's Brief at 9.

---

[2] "A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (citing **Commonwealth v. Jones**, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim ..., he or she will have failed to establish the arguable merit prong related to the claim")). Whether the "facts rise to the level of arguable merit is a legal determination." **Stewart**, **supra** (citing **Commonwealth v. Saranchak**, 866 A.2d 292, 304 n. 14 (2005)).

We note that Appellant did not raise this issue below. In his Rule 1925(b) statement, Appellant generally challenges counsel's decision not to pursue the suppression issue, providing no detail as to what he was specifically challenging. The trial court interpreted Appellant's statement of the claim as follows: "Appellant argues that Officer Rios did not have reasonable suspicion to stop him when the [o]fficer arrived at the corner because the radio call's description was insufficient." Trial Court Opinion, 5/17/19, at 6. Because the issue raised here was not raised below, we conclude that it is waived. *See* Pa.R.A.P. 302(a).

Even if we were to consider it as preserved for our review, we would conclude that Appellant failed to plead and prove that his claim has arguable merit.

Appellant claims that the trial court erred in relying in *Commonwealth v. Coleman*, 19 A.3d 1111 (Pa. Super. 2011), because the facts at hand are distinguishable from the facts in *Coleman*.

Even if the instant case is factually distinguishable, as Appellant alleges, the differences do not render the underlying suppression claim one of arguable merit. Challenging the legal conclusions of the trial court, without providing any meaningful discussion of the authority supporting his challenge, is insufficient to meet Appellant's burden under the PCRA or the Rules of Appellate Procedure. *See, e.g., Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (directing that an appellant must "present arguments that are sufficiently developed for our review" and support those arguments

"with pertinent discussion, . . . references to the record and with citations to legal authorities[;]" where an appellant fails to meet these requirements, thus "imped[ing] our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived").

Appellant cursorily cites **Commonwealth v. Hicks**, 208 A.3d 916 (Pa. 2019), for the proposition of that "the mere fact that the police officer observes the defendant's clutching something in his waist does not lead to a reasonable believe (*sic*) that the defendant possesses an illegal firearm." Appellant's Brief at 12. A review of **Hicks** quickly disposes of Appellant's argument.

**Hicks** did not involve a police officer observing an individual clutching something in his waist, and it does not stand for the legal principle argued by Appellant. In **Hicks**, the Supreme Court held that because carrying a firearm is not an inherently illegal activity in Pennsylvania, there "is no justification for the conclusion that the mere possession of a firearm, where it lawfully may be carried, is alone suggestive of criminal activity." **Hicks**, 208 A.3d at 937. "As the suppression court found, and as confirmed by the evidence of record, Hicks was seized solely due to the observation of a firearm concealed on his person." **Id**. at 951. This is not the case here, nor does Appellant argue otherwise. Accordingly, reliance on **Hicks** is misplaced.

Finally, without any further discussion, Appellant argues flight alone was not sufficient to legally seize him. Appellant's Brief at 11-12 (citing **Commonwealth v. Taggart**, 997 A.2d 1189 (Pa. Super. 2010). There is no

indication in the record that Appellant's flight was the only reason supporting the pursuit of Appellant. Rather, the record reflects multiple facts, which Appellant fails to mention, behind the officer's pursuit of Appellant.[3] Thus, reliance on **Taggart** is similarly misplaced.

Accordingly, we conclude that Appellant's challenge to prior counsel's effectiveness is entitled to no relief.

Next, Appellant argues that the trial court erred in not holding a hearing on Appellant's claim that trial counsel was ineffective for failing to inform the sentencing court that "the sentence that the defendant's sentence was being run consecutive to was an illegal and unconstitutional sentence[.]" Appellant's Brief at ii (verbatim).

It appears Appellant is arguing the following. At the time the trial court imposed sentence in the instant matter, the sentencing court ordered the sentence to run consecutive to another sentence, imposed in another criminal case. According to Appellant, the sentence imposed in the other criminal

---

[3] Police arrived within one minute of receiving a report shots were fired in the vicinity where Appellant was located. Upon arrival of the officers, Appellant moved toward the back of the group, angling away from the officers, keeping his hands hidden and clutching something in his waist. The officers asked the group to show their hands. Appellant did not show his hands. Instead, he ran away. Officer Rios pursued Appellant over walls and alleyways. The officers eventually caught up with Appellant and arrested him. PCRA Court Opinion, 5/17/19, at 1-2, 5.

matter was illegal under **Alleyne**.[4]  Appellant reasons that trial counsel should have notified the trial court that the other sentence was illegal under **Alleyne**.[5]

As with the previous issue, Appellant states that the instant issue has arguable merit, that counsel had no reasonable basis for not pursing it, and that he was prejudiced by counsel's inaction.  Accordingly, Appellant argues, the PCRA court erred in not granting his request for a hearing on the instant issue.  We disagree.

Appellant does not explain what kind of relief he could have received in the instant matter from the illegality of the other unrelated sentence, how trial counsel in the instant matter could have argued the legality of a sentence imposed in another matter, and how he was prejudiced in the instant matter by the illegality of the other matter. The thrust of Appellant's argument can be summarized as follows:  had trial counsel notified the sentencing court of the illegality issue pertaining the other sentence, the information "would have given the trial court *an opportunity to adjust* [Appellant]'s sentence downward in light of [**Alleyne**]."  Appellant's Brief at 7 (emphasis added).   In Appellant's own words, it is clear that Appellant failed to show, *inter alia*, prejudice, *i.e.*,

---

[4] **Alleyne v. United States**, 570 U.S. 90 (2013).

[5] The Commonwealth argues that the issue was included in an unauthorized filing by Appellant.  The PCRA court addressed it in its opinion.  Similarly, we will address it too.

that "there [was] a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." **Collins**, 957 A.2d at 244. Indeed, Appellant cannot show that, if the information was provided, that his sentence would have been different. In light of the foregoing, we conclude that the PCRA court did not err in denying Appellant's request for a hearing on the second issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/20